AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for defendant’s alleged wrongful conversion of an automobile. The defense is that defendant repossessed plaintiff’s car under an effective and valid release. The trial court obviously concluded defendant wrongfully took possession of plaintiff’s automobile in awarding plaintiff damages in the sum of $850. From a judgment accordingly rendered and signed, defendant appealed to this court.
The material facts are set forth and contained in a stipulation of facts and documents attached to the record and filed in evidence, elaborated with an immeasurable, and seemingly unnecessary, profusion of some 170 pages of oral testimony.
The facts may be briefly summarized. On April 6, 1954, plaintiff purchased from Paul W. Coco, an automobile dealer of Marksville, Louisiana, a 1947 model Chevrolet automobile for a price of $487, including finance and carrying charges, $200 of which was paid in cash, leaving a balance of $287 which was represented by plaintiff’s note secured by a vendor’s lien and chattel mortgage on the automobile, payable in 12 consecutive monthly installments, beginning one month after date, the first in the sum of $23.99, and the remainder in the sum of $23.91 each. This note was negotiated and transferred to defendant corporation. Plaintiff became delinquent in the installments due on December 6, 1954, and January 6, 1955, whereupon defendant’s representative on January 7, 1955, called upon plaintiff for payment. At that time, in lieu of making payment, plaintiff executed to defendant a full and complete release, assignment and transfer of the automobile. Endorsed in the lower left-hand corner thereof is a notation -by defendant’s representative, which reads:
“1-7-55
Release void if account made current by Jan. 14, 1955.
“(Signed) R. Bruce Loving.”
Pursuant to this instrument, the car was delivered by plaintiff to defendant’s representative, who stored the car with Coco, the dealer who had sold the car and who had endorsed plaintiff’s note. A few days *180 later, however, Mrs. Alfred Monda, wife of plaintiff's employer, accompanied by Hazel B. Lavaiais, plaintiff’s wife, went to Coco’s place of business and paid to him $25.25, representing, according to Loving, the installment due as of December 6, 1954, plus interest and service charges. Coco remitted the payment to defendant’s Memphis office. On January 26, 1955, Monda made an additional payment of $23.91 to Coco on plaintiff’s account, which, likewise remitted to defendant, made the account current to January 6, 1955. Coco released the car to plaintiff but the date of its delivery is not clearly established. This last payment defendant tendered to plaintiff in its answer to plaintiff’s petition. No further payment was made on the note.
Loving, who had been away, reurned on or about March 8, 1955, and learned of the above payments and the delivery of the car to plaintiff, whereupon he concluded plaintiff had failed to comply with the terms of the endorsement on the release and transfer, and from which he further concluded the release and transfer was still in effect and that Coco had erroneously delivered possession of the automobile to plaintiff. He then sought out plaintiff but being unable to locate him, after discussing the matter Hazel B. Lavaiais took possession of the automobile and again stored it with Coco, where it remained undisposed of at the time of trial. Plaintiff’s action is predicated upon this act of repossession of the automobile by defendant’s agent. The record conclusively establishes that plaintiff, voluntarily and with full understanding of his acts, executed the release and transfer of his automobile to defendant. No contention is made to the contrary, nor is any attack made upon the release itself.
Decisive of the issues presented is the question of the continued effect of the release and transfer to the date of defendant’s repossession of the automobile in March, 1955. The instrument was executed under a resolutory condition, the condition being that plaintiff’s account be made current by January 14, 1955. This condition required the payment by that date of the installments due as of December 6, 1954, and January 6, 1955.
LSA-C.C. Art. 2021 provides:
“Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.” (Emphasis supplied.)
LSA-C.C. Art. 2045, in defining reso-lutory condition and stating its effect, says:
“The dissolving condition is that which, when accomplished, operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed.
“It does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received, in case the event provided for in the condition takes place.”
Therefore, the execution of the agreement under a resolutory condition is not suspended; it is immediately effective but may be later rescinded upon compliance with the conditions stipulated, or by a subsequent agreement, specifically expressed, or implied by a course of conduct inconsistent with the agreement. Although plaintiff was tardy in making payment of the delinquencies, they were nevertheless made and accepted by defendant. The payments were made to Coco, the automobile dealer from whom the car was purchased and who was the endorser on plaintiff’s note. It was to his possession that the car was entrusted at the time it was originally repossessed. At the time Coco delivered possession of the automobile to plaintiff it is not shown that plaintiff’s account was in arrears. A new default, however, occurred when plaintiff failed to pay *181 the installments falling due on February 6 and March 6, 1955. The repossession of the car by defendant’s representative on March 8, 1955, was not accompanied by any release or by the acquiescence on the part of plaintiff. The former release had ceased to have any effect in view of the payments made and defendant’s acceptance thereof.
Therefore, the subsequent taking of possession could not be correctly stated to have been effected under the original release, which, as stated, had been abrogated by the parties. It could only be concluded that the repossession of the car was unwarranted, wrongful and illegal. In this connection, it may be pointed out neither of the two payments has been returned or formally tendered to plaintiff. Only an offer to return the last of the payments was informally made in answer to plaintiff’s petition. The defendant has retained these payments and the use and benefit thereof have inured to it. Therefore, defendant has not only impliedly assented to the payments being made subsequent to the date originally contemplated but retained the páyments so made.
Plaintiff’s claim of damages in excess of $6,000 would ordinarily serve to divest this court of jurisdiction of the appeal. However, it is clear from an examination of the record that the claim was greatly exaggerated. There is no reasonable basis from which it could be concluded that the claim, in reality, exceeds the maximum statutory jurisdiction of this court.
The items claimed by plaintiff for embarrassment, humiliation and damage to reputation are unsubstantiated by the record. In this regard this observation was made by this court in Harris v. Franklin Finance Co., Inc., La.App., 65 So.2d 798, 800-801:
“It is true that it was not sought to fix by evidence any amount for humiliation and embarrassment, however, if the taking was wrongful and without the consent of the plaintiff, some humiliation, embarrassment and inconvenience follows. This claim is likened to one for pain and suffering in injury cases. It cannot be fixed with exactitude.”
Therefore, such is not to be entirely disregarded but given some consideration in an award of damages. Consideration should also be given to the value of the automobile and to the fact that plaintiff has been deprived of its use. We think, however, the award is excessive and should be reduced to $500, which we deem neither excessive nor inadequate under the facts and circumstances as disclosed in this record.
Accordingly, for the reasons assigned, the judgment appealed is amended by reducing the award of damages to $500, and, as thus amended, is affirmed; plaintiff-ap-pellee to pay the cost of this appeal, all other costs to be paid by the defendant-appellant.
Amended and affirmed.